UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| John D. Nagle,<br><br>        Plaintiff,<br>v.<br><br>BMO Harris Bank, N.A.,<br><br>        Defendant. | **Case # 1:16-cv-00036-LRR**<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of the Defendant's violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

## JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681 and 28 U.S.C. §§ 1331 and 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the conduct in question occurred in this District, Plaintiff resides in this District, and Defendants transact business in this District.

## PARTIES

4. Plaintiff, John Nagle (hereinafter "Plaintiff"), is a natural person who resides in the City of Cedar Rapids, County of Linn, State of Iowa, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5. Defendant, BMO Harris Bank, N.A. (hereinafter "Defendant BMO Harris"), is a foreign national bank incorporated under the laws of the State of Delaware; is

1

licensed to do business in the State of Iowa and regularly conducts business in said State; has a principal place of business located at 111 West Monroe Street, Suite 5 East, Chicago, Illinois 60603; and is a "furnisher" of consumer information pursuant to 15 U.S.C. § 1681s-2(b).

## FACTUAL ALLEGATIONS

### BACKGROUND

6. On June 24, 2014, Plaintiff and Defendant BMO Harris signed and executed a confidential Settlement Agreement (hereinafter "Settlement Agreement") regarding two mortgage loans that Plaintiff had with Defendant BMO Harris.

7. As part of the Settlement Agreement, Defendant BMO Harris was required to update certain information to the credit reporting agencies consistent with the terms of the settlement.

8. However, on or before November 25, 2014, Plaintiff obtained a copy of his credit report and discovered that Defendant BMO Harris was reporting the two accounts as variously "Open," "120 days past due," "Bad debt and placed for collection and skip," "Foreclosure process started," "Foreclosure initiated," and with an existing outstanding balance.

9. As of November 25, 2014, neither of the two BMO Harris tradelines on Plaintiff's credit report were reporting accurately, pursuant to the Settlement Agreement.

## DISPUTE WITH DEFENDANT BMO HARRIS AND THE CREDIT REPORTING AGENCIES

10. Consequently, on November 25, 2014, Plaintiff had Bennett Hartz (hereinafter "Attorney Hartz"), an attorney with Drewes Law PLLC, draft and send dispute letters to Defendant BMO Harris, Experian Information Solutions, Inc. (hereinafter "Experian"), Equifax, Inc. (hereinafter "Equifax"), and TransUnion LLC (hereinafter "TransUnion"), disputing the reporting of the two mortgage loan tradelines in accordance with 15 U.S.C. § 1681i, and requesting for them to be corrected immediately.

11. Attorney Hartz's dispute letter specifically disputed BMO Harris account numbers 3605927640000; 950046XXXX; 360707164XXXX; and 3541144725.

12. Two (2) of the four account numbers listed above are the accounts of Plaintiff's two mortgages, which were incorrectly reporting on his credit report.

13. The other two (2) account numbers listed above are duplicates of Plaintiff's two (2) mortgages, which were also incorrectly reporting on his credit report, for a total of four (4) tradelines.

14. Attorney Hartz's dispute letter also stated the following:

> Mr. Nagle and BMO Harris Bank settled these accounts in a confidential settlement dated June 24, 2014. *See settlement attached as* **EXHIBIT A**. Section 2 of this settlement requires BMO Harris Bank to report both mortgages XXXXXXXXXXXXXXXXXXXXXX. However, it is currently reporting the accounts as variously "Open," "120 days past due," "Bad debt and placed for collection and skip," "Foreclosure process started," "Foreclosure initiated," and with an existing balance. None of the accounts are reported accurately.

Please correct these accounts immediately. Under the terms of the settlement, the most appropriate reporting would be Account Code "XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX." Please also find attached Mr. Nagle's dispute sent to Experian, Equifax, and TransUnion regarding these accounts. *See disputes attached as* **EXHIBIT B**.

## DEFENDANT BMO HARRIS'S RESPONSE

15. On December 8, 2014, Attorney Hartz received a response letter in the mail from Defendant BMO Harris regarding the reporting of Plaintiff's two previously settled mortgage loan tradelines.

16. Defendant BMO Harris admitted in the letter that it found the information disputed by Plaintiff was indeed reporting inaccurately.

17. In order to correct the inaccuracies, Defendant BMO Harris stated that it sent the following updates to the Consumer Reporting Agencies: "Loan ending in 3605xxxx-4000 (the previous account number utilized by M&I Bank) is reporting the account history from December 2007 to September 2012 when it was updated to 'transferred/sold', $0 balance, with a charged off status. The renumbered account ending in 4064 (account number utilized by BMO Harris Bank, N.A.) is reporting the history from October 2012 to present time, reporting as settled for less than full balance, was a charge off, $0 balance."

## POST-DISPUTE REPORTING BY THE CREDIT REPORTING AGENCIES

18. Upon information and belief, the credit reporting agencies Equifax, Trans Union and Experian all communicated Plaintiff's dispute to Defendant BMO via electronic means called Automated Consumer Dispute Verifications ("ACDVs").

19. Upon information and belief, Defendant BMO responded to each of the credit reporting agencies ACDVs, failed to conduct a reasonable investigation and verified the inaccurate information in violation of 15 U.S.C. §1681s-2(b).

20. Thereafter, on March 6, 2015, Plaintiff obtained a copy of his Equifax credit report and discovered the following four (4) BMO Harris Bank tradelines reporting:

- Acct. No. 354114XXXX; $183,750; "CHARGE-OFF"
- Acct. No. 360592764XXXX; $1,470,000; "CHARGE-OFF"
- Acct. No. 360707164XXXX; $183,750; "CHARGE-OFF"
- Acct. No. 950046XXXX; $1,470,000; "CHARGE-OFF"

21. Two (2) of the above-mentioned tradelines (Acct. Nos. 950046XXXX and 354114XXXX) are inaccurately reporting as they are duplicates of the two (2) charged-off tradelines which are accurately reporting.

22. Upon information and belief, Defendant BMO Harris confirmed for Equifax the two (2) inaccurate duplicate tradelines.

23. On March 6, 2015, Plaintiff obtained a copy of his TransUnion credit report and discovered the following four (4) BMO Harris Bank tradelines reporting:

- Acct. No. 950046****; $1,470,000; "ACCOUNT PAID IN FULL; WAS A CHARGE OFF"
- Acct. No. 354114****; $183,750; "ACCOUNT PAID IN FULL; WAS A CHARGE OFF"
- Acct. No. 360592764****; $1,470,000; "CHARGED OFF"
- Acct. No. 360707164****; $183,750; "CHARGED OFF"

24. Two (2) of the above-mentioned tradelines (Acct. Nos. 950046**** and 354114****) are inaccurately reporting as they are duplicates of the two (2) charged-off tradelines which are accurately reporting.

25. Upon information and belief, Defendant BMO Harris confirmed for TransUnion the two (2) inaccurate duplicate tradelines.

26. On March 13, 2015, Plaintiff obtained a copy of his Experian credit report and discovered the following four (4) BMO Harris Bank tradelines reporting:

    - Acct. No. 354114****; $183,750; "PAID IN SETTLEMENT; $206,132 WRITTEN OFF"

    - Acct. No. 360592764****; $1,470,000; "TRANSFERRED, CLOSED"

    - Acct. No. 360707164****; $183,750; "TRANSFERRED, CLOSED. $183,750 WRITTEN OFF"

    - Acct. No. 950046****; $1,470,000; "PAID IN SETTLEMENT"

27. Two (2) of the above-mentioned tradelines (Acct. Nos. 950046**** and 354114****) are inaccurately reporting as they are duplicates of the two (2) charged-off tradelines which are accurately reporting.

28. Upon information and belief, Defendant BMO Harris confirmed for Experian the two (2) inaccurate duplicate tradelines.

29. Defendant BMO Harris violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation with respect to the disputed information, failing to review all relevant information available to it, and failing to update and/or remove the

inaccurate tradelines or, in the alternative, to report all the accounts as "disputed" by changing the Metro II Consumer Compliance Condition code to "XB."

## TRIAL BY JURY

30. Plaintiff is entitled to and hereby demands a trial by jury. U.S. Const. amend. VII; Fed. R. Civ. P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATION OF THE FAIR CREDIT REPORTING ACT – 15 U.S.C. § 1681s-2(b)

31. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

32. Defendant BMO Harris violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation with respect to the disputed information, failing to review all relevant information available to it, and failing to update and/or remove the inaccurate tradelines or, in the alternative, to report the accounts as "disputed" by changing the Metro II CCC Code to "XB."

33. As a result of Defendant BMO Harris's violations of the FCRA, Plaintiff has suffered actual damages not limited to out-of-pocket expenses, detriment to his credit ratings, emotional distress, embarrassment, mental anguish, anxiety, and humiliation in an amount to be determined at trial.

34. Defendant BMO Harris's conduct, actions, and inactions were willful, rendering it liable for damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n of the Act.

35. Alternatively, Defendant Harris's violations were negligent, rendering it liable for damages under § 1681o of the Act.

36. Plaintiff is entitled to recover actual damages, statutory damages, and costs and attorney's fees from Defendant BMO Harris in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT II.

## BREACH OF CONTRACT

37. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

38. When Defendant BMO Harris failed to instruct the credit reporting agencies to whom it reports to report the tradelines at issue consistent with the terms of the settlement, Defendant BMO Harris breached the Settlement Agreement contract that it entered into with Plaintiff on June 24, 2014.

39. As a result of Defendant BMO Harris's breach of contract, Plaintiff has suffered actual damages in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs prays that judgment be entered against Defendant for:

- actual damages, statutory damages, and costs and attorney's fees for Defendant's violations of the FCRA pursuant to 15 U.S.C §§ 1681n and 1681o in an amount to be determined at trial;

- damages caused by Defendant's breach of contract; and
- for such other and further relief as may be just and proper.

Dated this 7th day of March, 2016.

Respectfully submitted,

By: s/Samuel Z. Marks

Samuel Z. Marks, Esq.
Attorney I.D. #IS9998821
**MARKS LAW FIRM, P.C.**
4225 University Ave.
Des Moines, IA 50311
Telephone: (515) 276-7211
Facsimile: (515) 276-6280
Email: sam@markslawdm.com

Thomas J. Lyons, Jr., Esq.
Attorney I.D. #249646
**CONSUMER JUSTICE CENTER, P.A.**
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile: (651) 704-0907
Email: tommycjc@aol.com

Mark L. Vavreck, Esq.
**LAW OFFICES OF GONKO & VAVRECK**
Designers Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone: (612) 659-9500
Facsimile: (612) 659-9220
(*To Be Admitted Pro Hac Vice*)

***ATTORNEYS FOR PLAINTIFF***

# VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF IOWA            )
                         ) ss
COUNTY OF Linn           )

    I, John Nagle, having first been duly sworn and upon oath, depose and say as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information, and belief, formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s) named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

                                                    s/John Nagle
                                                    John Nagle

Subscribed and sworn to before me
this 5 day of February, 2016.


s/Kara Carlson
Notary Public